972 F.2d 339
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
COMBINED BROADCASTING, INC., Plaintiff-Appellee,
v.
URBAN TELECOMMUNICATIONS Corporation, Defendant-Appellant.
 No. 91-2254.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 7, 1992
Decided: August 11, 1992
As Amended Sept. 3, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-91-145-A)
 ARGUED: Andrew Trotter Canfield, Casey, Scott, Canfield & Heggestad, P.C., Washington, D.C.; Mark S. Weiss, Roberts & Weiss, Woodbridge, Virginia, for Appellant.
 Barry Harte Gottfried, Fisher, Wayland, Cooper & Leader, Washington, D.C., for Appellees.
 ON BRIEF: Edward F. Canfield, Casey, Scott, Canfield & Heggestad, P.C., Washington, D.C., for Appellant.
 Barrie D. Berman, Fisher, Wayland, Cooper & Leader, Washington, D.C., for Appellee.
 E.D.Va.
 Affirmed.
 Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Defendant-appellant Urban Telecommunications alleges lack of subject matter jurisdiction and error by the district court in plaintiffappellee Combined Broadcasting's suit for payment on a note. Finding that jurisdiction was proper in the Eastern District of Virginia and that the district court did not err, we affirm.
 
 I.
 
 2
 In October of 1984, Urban secured from the FCC a construction permit to build a television station in the D.C. area. In December of that year, Urban entered into an agreement with one of its former competitors for that permit; that competitor, following a chapter 11 bankruptcy filing in December of 1986, reorganized as Combined.[1] See J.A. at 11, 18. The agreement, as supplemented in January of 1985 by a "Further Agreement" (collectively the "Agreement") and, more specifically, a promissory note executed in connection with the Agreement, provide the basis for this dispute.
 
 
 3
 Pursuant to the terms of the Agreement, Combined loaned Urban $250,000 to continue its general corporate operations and its pursuit of a final order granting a license from the FCC; after obtaining the license, Urban was to pay Combined over time $800,000 for programming and consulting services. Id. at 37-52. To evidence those two obligations, Urban executed in favor of Combined a $1,050,000 "Secured Non-Negotiable Promissory Note" (the "Note"). See id. at 58.
 
 
 4
 The Note is presented in two parts (the "$250 Part" and the "$800 Part"). Under the $250 Part, Urban agreed to pay Combined $250,000, plus interest, either (i) upon the occurrence of certain financing events, or (ii) eighteen months following issuance by the FCC of a final order granting a license, see id ., or (iii) within three months following issuance by the FCC of a final order denying the license, see id. at 45. Under the $800 Part, Urban agreed to pay Combined $800,000 over two years beginning three months following commencement of program tests of the television station. See id. at 58.
 
 
 5
 In December of 1986, well prior to the filing of this suit in February of 1991, Combined filed a bankruptcy petition in the Bankruptcy Court for the Eastern District of Pennsylvania. See id. at 11, 16. The bankruptcy court ultimately confirmed a bankruptcy plan, pursuant to which it reserved jurisdiction for itself under certain circumstances until consummation of the plan.
 
 
 6
 The FCC entered its final order granting Urban the license in December of 1988. More than eighteen months later (the default period of the $250 Part), Combined filed suit in the Eastern District of Virginia, alleging that Urban had defaulted on the Note. Following a bench trial, the district court ruled that the provisions of the Note were "severable" and that payment upon the $250 Part was due. Urban advances two primary arguments on appeal, both of which we reject.
 
 II.
 
 7
 Urban first argues, notwithstanding an earlier admission in its answer, see id. at 18, that the District Court for the Eastern District of Virginia lacked subject matter jurisdiction over this case. It is undisputed (i) that Urban is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business in the District of Columbia, (ii) that Combined is a corporation organized under the laws of Delaware with its principal place of business in Florida, and (iii) that the amount in controversy exceeds $50,000. See id. at 255. Thus, the district court had jurisdiction over this matter pursuant to 28 U.S.C. § 1332.[2] Urban cites no statute divesting the district court of its jurisdiction. It claims, however, that the bankruptcy court's reservation of jurisdiction in the bankruptcy plan effectively divested the district court of jurisdiction over the dispute. Urban misapprehends not only the power of the bankruptcy court but also the relation between the jurisdiction of the bankruptcy courts and of the district courts. Under 28 U.S.C. § 1334(b),[3] the jurisdiction of the district courts (and, by virtue of 28 U.S.C. § 157(a),[4] the jurisdiction of the bankruptcy courts) over civil proceedings arising under title 11 of the United States Code, or arising in or related to cases under title 11, is original but not exclusive. Section 1334(b) is not a limiting provision: it speaks to when district courts do have jurisdiction, not to when they do not. A federal district court with jurisdiction over a bankruptcy case exercises a jurisdiction merely concurrent with that of all other courts which properly may entertain other matters involving the same party or parties. The existence of the bankruptcy stay, see 11 U.S.C. § 362, is compelling evidence of this jurisdictional fact: were this not the case, there would have been no need for the stay or the courts' power to extend it. The record in this case does not reveal the existence of a stay, nor does Urban contend that a bankruptcy court stay was in effect. As a result, we conclude that the district court properly exercised subject matter jurisdiction over this case.
 
 III.
 
 8
 Urban next argues that the district court erred in concluding that the promises of the parties under the two different parts of the Agreement were independent of one another. Combined, for its part, maintains that Urban's promise to repay the $250,000 was in no way contingent upon Combined's performance under the $800 Part. The district court agreed with Combined, concluding that the two parts of the Note were "severable" from each other. The inquiry of the district court focused on whether the different promises under the Note were independent of one another, and thus whether Combined's failure to perform its side of the bargain under the $800 Part excused not only Urban's failure to pay the $800,000, but also excused payment under the $250 Part.
 
 
 9
 Based upon our own review of the record, we agree with the district court that the obligations were wholly independent of one another. Moreover, ample evidence in the record supports the district court's finding. For example, the sums due under the different parts of the Note were due at different times as well as under different conditions, and the amounts were for different purposes. Further, the parties agreed that if the FCC denied the license (obviously rendering further performance under the $800 Part impossible), Urban was to pay back within three months the loan made under the $250 Part. Also, the former counsel to Combined, who represented Combined during its negotiations with Urban and who was involved in the drafting of the Note, see id. at 243-45, testified that the loan under the $250 Part was not contingent in any way upon Combined's performance under the $800 Part.
 
 CONCLUSION
 
 10
 For the reasons stated herein, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 [1]
 Throughout this opinion, we refer to the predecessor in interest of Appellee, related companies, and the reorganized Appellee as "Combined."
 
 
 [2]
 That section reads in relevant part:
 (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between-
 (1) citizens of different States;
 * * *
 (c) For the purposes of this section and section 1441 of this title
 -
 (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business....
 (d) The word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico....
 28 U.S.C. § 1332.
 
 
 [3]
 That section reads:
 Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
 28 U.S.C. § 1334(b).
 
 
 [4]
 That section reads:
 Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 shall be referred to the bankruptcy judges for the district.
 28 U.S.C. § 157(a).